Good morning. May it please the Court, Jeffrey Conner on behalf of the Respondent Appellant. I'm going to try to reserve about three minutes for rebuttal, Your Honor. I'll keep my eye on the clock. At page 5 of the answering brief, Mr. Hanson asserts that the result of this case would be the same, regardless of whether it's reviewed by the state or federal courts. About that, he might be right. And that is exactly why the district court erred in finding that his claim was procedurally defaulted. I'm curious, would you take the same position at a state court hearing that you took here, or at least in your brief, that you don't contest that Mr. Hanson's gateway actual innocence claim, that he met that? That's a difficult question to answer, Your Honor, because at that point, if it goes back to state court, the district attorney's office in Elko County would handle that. I do think there are some issues with Judge Dew's determination here, and I think that as a matter of comedy, that this issue should have been litigated first in the state court. I understand that. I'm just curious, because here in this case, if I understand correctly, there was evidence presented that the state's own witness basically agreed with the problems with the shaken baby determinations that were made then, and the problems with that whole? Correct. But if you look at Dr. Settle's testimony from the evidentiary hearing, she also addressed the fact that she would have concluded that the global injuries that the victim in this case suffered were likely the result of intentional abuse. And so there is a factual dispute here that I think the state court may need to look at in terms of whether or not it's convinced that he can make that actual innocence showing to get through the Schlepp Gateway to have his otherwise unexhausted claims heard on the merits. Regarding exhaustion, would you agree that if Ground 10 were presented in the Nevada courts without the actual innocence argument, that it would be procedurally defaulted and technically exhausted? It would fall within the scope of Nevada's procedural default rules. But in Sangath v. Mass, this court was addressing the doctrine of, or the intersection of the doctrines of exhaustion and procedural default. And there, it recognized that the Petitioner in that case had not fairly presented some claims in, or it didn't the State's argument in that case was that he had not fairly presented some claims in State court, and that Oregon law would then bar it on a return to State court. Oregon doesn't give you a second go-around, but Nevada law does give you a second go-around if you can meet the actual innocence exception. But I just want to make a point, I guess. So in the absence of the actual innocence exception to the procedural bars, you would agree that the district court was justified in applying those procedural bars to Ground 10? Yes. Yes, Your Honor. And to address that So the real question, and I guess let me go ahead and ask you, in this case, is not whether Ground 10 itself is exhausted, because I think you would generally agree that it would be. The question is whether the availability of that innocence exception changes that analysis, right? Yes, Your Honor. In essence, because he has not fairly presented Ground 10 in the State courts, it, you know, excluding whether or not it's, there's a procedural default that would apply, it wasn't presented in State court. So then the question becomes, if he went back to State court, would it clearly be dismissed as procedurally defaulted? And that here is not the case. This is very similar. It's a different context, but very similar to what the Supreme Court addressed in O'Sullivan v. Boracle, where there the Court was addressing whether or not a application for a petition for discretionary review to the Illinois Supreme Court was an available remedy. And in addressing that, the Court acknowledged that, look, the Illinois rule suggests that this is, you know, you're not supposed to just file everything for discretionary review. We don't, you know, we only want claims that are going to have broad scope statewide. But the Supreme Court comes back in that case and says that that doesn't matter. It's still an available remedy. And we recognize that this may kind of undermine the State's purpose of having this petition, but it's still an available remedy that needs to be pursued in order for the claim to be fairly presented. Here we're dealing with a situation where Nevada does have a successive petition bar. It is trying to discourage repetitive filings of State habeas petitions, but it does recognize an actual innocence exception, and that's important. Nevada has recognized that even where a petitioner can't show cause for his procedural defaults, if he can make a showing of actual innocence to get through that schlup gateway, he can have his constitutional claims heard on the merits. That's what should have happened in this case, and it didn't. And you're — are you saying that if this were to go to Nevada, that the State of Nevada in litigating the case once back in Nevada with respect to the schlup gateway would oppose the petitioner? I don't want to make any representations about what's going to happen. What Borickel acknowledges is that only the remedy must be available. It doesn't mean — Well, excuse me. If you're not willing to say that the State would oppose, if you're willing to say, well, listen, he gets past the gateway, I would view this as a different case. But I want to back up and talk a little bit about practical things. What we have here is someone who was convicted on the basis of the evidence that was convicted and presented in court. Clearly, Jackson, Virginia, satisfied and so on. In the intervening 20 years or so, we as a country and doctors and so on have learned a great deal about shaken baby syndrome, and it turns out that there are a lot of mistaken convictions. And it's pretty clear that we've got evidence here that shows that this is one. And yet, Nevada is litigating this case extensively, trying to put that evidence to one side or keep him in jail, despite the evidence that we now have that shows that he's very likely innocent. Why are you doing this? Your Honor, I'm here because this case has far further implications than just this individual case. The idea that a petitioner can not avail himself of his State court remedies — No, my question is different. Why are you doing this to a man who's very likely innocent? I disagree that he's very likely innocent, Your Honor. I agree with our expert who looked at the global injuries in this case and said, I still would have concluded that this is the result of intentional abuse. But you don't — And that issue should have been litigated in State court. But you agree or don't contest that it's — in your briefing, at least, that it's likely that no reasonable juror would convict based on what the evidence was of the defense evidence and your own evidence. I don't think that I need to contest that, Your Honor, to contest the procedural issues, to contest the fact that that evidence should have ever been presented in the Federal district court. That evidentiary hearing should have never happened, because he never — he never presented the State district court with a claim of actual innocence. The State district court expressly held that, found that he did not present that claim. He was presenting a Jackson v. Virginia sufficiency of the evidence claim. He is not alleging that he is innocent. That is — those are the express words of the State district court. Then when he gets to the Nevada Supreme Court on appeal, you get these pro-per filings where he's trying to say this evidence undermines my conviction, I'm innocent. And in a footnote, the Nevada Supreme Court says we've looked at his pro-per filings. We're not going to consider anything new that he's presenting for the first time on appeal. So this stuff was never considered by the district — the State courts. And that's — that's the problem that I have with this case, is that we've procedurally defaulted a claim that was never presented in State court that's based on this court's precedent. The Nevada court should, in this case, have the — the ability to decide whether they want to agree with this court on him and — this court's decision in Jimenez v. Ochoa as to whether or not he — there's a due process violation. And because of that, this — this claim should have been developed and presented in State court. It wasn't. And then — then that creates a secondary problem of reaching — But — but based on what was presented in Federal court — I understand that you say it should have never been presented in Federal court. Based on what was presented in Federal court, it seemed like what you were arguing in your brief is that, OK, we can't contest that the shaking baby syndrome acceptance has changed and it would have affected this case and would have likely — no reasonable jury would have convicted. So I'm just trying to figure out, then, how, then, or what — what is going on here in that I understand that you may want this decided, and that's a fair, fair argument that the State, if they have a actual innocence provision similar to the — to the Federal provision, that perhaps maybe it should have gone first if it wasn't procedurally defaulted and technically exhausted. And that's the whole question we have to decide. But I'm still having trouble with how you say at one point, in light of the evidence presented, we understand that that would have changed the outcome, yet you want to go back to the — to the State court, which would cause further delay, when it seems like you recognize that this was highly problematic in terms of the conviction. Your Honor, if you read our briefing to concede that we think that the — you know, that the district court correctly found that he got through the actual innocence gateway, we just — we never reached that issue. We aren't conceding that. Well, you don't contest it. Right. What we're contesting is that whether or not the district court had the authority to even consider the evidence at all. And so because the district court erred by allowing the evidence to even be presented in Federal court, then we don't need to contest the ultimate findings by the court. The evidentiary hearing should have never happened. Of course, he — do you contest that he diligently tried in his second habeas petition to get an expert and to get this testimony before the State court? Yes, I do, Your Honor. And what's the basis for that? His attorney tried to get an expert, but the claims that were in front of the court were a challenge to some evidence at the penalty hearing and a Jackson v. Virginia claim challenging the sufficiency of evidence. He never made to the State district court a claim or presented any allegations that I am actually innocent of this offense. It's not until he gets to Federal — or, excuse me, to the Nevada Supreme Court that he starts saying that, and the Nevada Supreme Court says, we're not going to consider anything that's raised for the first time on appeal. That's a standard rule. This Court does that all the time. I'm just curious. Some sort of estoppel would apply at the State court when the State's expert in the that there was a problem, and there is a problem with the shaken baby syndrome as it was applied in this case. Again, Your Honor, I think what Dr. Settle testified to is that she agreed that there have been changes in the science, but she still would have concluded that this was the result of intentional abuse. And when you're doing an actual innocence analysis, the State can present its own evidence to try to rebut the new evidence that's being presented to get through the Schlupp Gateway. Schlupp talks about that. And I would reserve your remaining time. I would, Your Honor. Thank you. May it please the Court. My name is Amelia Bizzaro. C.B. Kirschner and I represent the petitioner Mark Hansen. There is no dispute that Mr. Hansen's trial was tainted from beginning to end by the use of scientific evidence that's now been widely debunked. The State's own medical expert conceded that small falls can kill children and that the shaken baby evidence, as it was presented at Mr. Hansen's trial 20 years ago, was just wrong. The State hasn't challenged the lower court's findings that Mr. Hansen met the Schlupp Actual Innocence Standard, and it hasn't challenged the lower court's finding that there was a due process violation. Mr. Conner just said that they do. That's news to me, Your Honor. This is the first time, and I think this Court in its questions properly read the State's briefs not to be challenging the underlying evidence. Their expert's testimony was clear. She said that she could not have testified that shaken baby syndrome, based just on three specific injuries, means that there was an intentional injury here. What the State is saying now is that she had a different opinion on cause of death. Well, that's an issue for trial. But what she did say during the evidentiary hearing was directly in line with the defense expert, Dr. Janice Oppelman, and that shaken baby syndrome, I mean, it doesn't even exist anymore. Even the American Medical Association calls it something else. And here, this conviction is solely based on scientific evidence. There is no other evidence that implicates Mr. Hansen. What the State argued from opening statement to closing argument is that the science proves he killed this child, and he didn't. The science proves that he didn't kill this child. And they're not contesting the major findings that Judge Due made. What they're saying is, well, you shouldn't have gotten this hearing in the first place. I'm sorry. I thought you might have. But that's just simply not right. Well, let's take the difficulty I'm having, and maybe you can get me through this, is we've got both the actual innocence claim and then we have more of a Jackson v. Virginia that there's flawed evidence at trial and it can't support a conviction. So which of those is the focus of exhaustion in your view? I don't think that a person has to go back to state court and present a federal procedural defense first. And in this case, I think the hearing was originally granted for purposes of the procedural defense of getting through the innocence gateway. Judge Due correctly found that Mr. Hansen presented evidence of his innocence and that the state court rejected it and that he had no available remedy in state court. After she made the finding that Mr. Hansen made his way through the gateway, she acknowledged that some of that same evidence may be considered in the merits. And I think that makes sense given the nature of the claim. The claim is that there's a due process violation because of the development of science. And in this court's decision, it talked about how that is something that develops later and why it is so important that the court consider it as a claim because forensic science changes over time. And never is that more apparent than here in the shaken baby syndrome context where it has overwhelmingly changed and a number of people have been exonerated like Mr. Hansen. Do you agree that this claim 10 and actual innocence doesn't get raised until the Nevada Supreme Court? I disagree with that, Your Honor. While the nature of the claim, the words were sufficiency of the evidence, what counsel was doing clearly was not sufficiency of the evidence. He asked for funding for an expert and received it. He hired the foremost expert in the country, Dr. Janice Oppoven. The court granted the hearing in early 2010 and it was originally two days and it was rescheduled over two years and it doubled in length. There can be no question. This is in the Nevada trial court? Yes, Your Honor, on post-conviction. Post-conviction. There can be no question that what this hearing was going to be about certainly wasn't going to be sufficiency of the evidence because that doesn't need a hearing at all. But what you have is an attorney who subpoenaed medical records, who retained experts and who was all along moving in this direction of a hearing and then a new judge came on board. The court decided to have a hearing on this state's motion to dismiss and its procedural arguments and the expert was available to talk to the court, but the court specifically said, no, I don't want to hear from experts. I just want to talk about the procedural issue right now. And that's what they did. Before the court made its decision on whether or not to grant the motion to dismiss, Mr. Hansen's attorney submitted the affidavit of Dr. Janice Oppoven and that's, I think, illustrated best in our brief in that chart. It shows what Mr. — what Dr. Oppoven said in 2012 and it's directly tied to the evidence that was presented in 2018. So I think he did present innocence at the district court level, but very clearly he did in the Nevada Supreme Court when he asked to vacate his conviction, when he specifically said that he was innocent. And I totally agree with that. I guess the question is, was that too late to make this precise claim or is that too late to exhaust the claim? I don't think it's too late. I think because it ties directly into what was happening in the district court below. What about the footnote in the Nevada Supreme Court that it noted that it's accepting but it's not accepting any new claims that he might be making at this point in time? I think the footnote is confusing and it's something they often use in cases that involve pro se defendants. But I think the part that matters is that it says we accept everything you've said, we acknowledge it, and we deny it. And I think that is very squarely where Judge Due was, that this evidence was presented to the state court and the state court rejected it. But it says, it goes on to say to the extent that there's anything new, then we're not deciding or we're not deciding that. And I don't think there was anything new. I think everything that Mr. Hanson did was tied directly to what his attorney was doing in post-conviction in the district court below. Mr. Hanson didn't provide, for example, new witnesses or new facts. What he did do were . . . But Claim 9 and 10, were they presented to any of the courts below? They weren't. And Claim 10 doesn't arise until we're in federal district court. But the claim is unexhausted. We acknowledge it's unexhausted. But the way we get to this unexhausted claim is through the Schlupp Actual Innocence Gateway. And so once we get through that gateway, the court's permitted to consider that claim. And . . . So you agree it wasn't, that wasn't properly presented. You're just saying that's excused. Yes. It's excused. And this case is in line with what Schlupp was talking about, that habeas is an equitable remedy, that this is designed to protect the wrongfully convicted. And I think that's what . . . There's nothing, and the State offers nothing, that says that the court can't use the same evidence presented in the Schlupp Actual Innocence and the procedural defense, that it can't use that same evidence when considering the merits of the claim. The State's suggestion of a remedy is completely unworkable. It seems to be suggesting that, sure, you can have a Schlupp hearing, and we can hear all of that evidence.  But we can't use the merits of the claim without the evidence that supports the claim. So if we grant, if we were to uphold Judge Du's order, of course at the end of the order, she grants the writ of habeas corpus, but says that the State may retry if they elect to do that. Yes. So his actual innocence isn't a get-home-free yet, correct? Correct. And so whether counsel argues, well, our expert would still say that causation that there's either alternate causation or different causation, they would still be free to argue that, correct? At a jury trial. At a jury trial. Yes. And Mr. Hansen would be able to present the overwhelming evidence of his innocence, including likely Dr. Settle. If they didn't call Dr. Settle, I believe Mr. Hansen would hear. Was the Nevada? Oh, excuse me. Go ahead. Was the Nevada Supreme Court's review of the second habeas petition discretionary, or is that a mandatory review on appeal? If he properly files a notice of appeal, it's a mandatory review. It's not an occasion where it's sort of like a petition for review where the court can accept the case or not. They have to decide the appeal. And they upheld it on the same procedural grounds. So the case's same presentation on a discretionary appeal to a state Supreme Court are insufficient for exhaustion to the extent that they're relevant here wouldn't apply? Right. Right. It's not like a petition for review of the final court that has a decision whether to accept the case and review it or not. Mr. Hansen filed a timely notice of appeal. That puts it squarely in the Nevada Supreme Court's jurisdiction, and they have to decide the case. So your bottom line is all that doesn't matter because of the Schlepp Gateway on the federal? Right. There's nothing that says that he has to present his evidence in support of the Schlepp Gateway, a federal defense, that he first has to present that in state court. Let me ask you this way, though, because as I understand the argument of the Nevada does excuse procedural defaults under a Schlepp-type rule, and you have not sought that sort of excuse from the Nevada Supreme Court, and you're required to take advantage of that procedural opportunity before you come to federal court. How do you respond to that argument? I disagree with them. I think that just because the magic words weren't uttered in the way that they would like doesn't mean that what Counsel Mr. Hanschule actually did when you look at the entire record was present actual innocence. There can be no other explanation for him hiring experts, for him subpoenaing the medical records, for the hearing doubling in length over the course of two years. If that hearing had taken place, it would have been a presentation of why Mr. Hanson is innocent. And it's important to remember that Mr. Hanson has always maintained his innocence. So let me make sure I understand your argument. You're saying he did present to the Nevada court a Schlepp actual innocence gateway type claim, and that was improperly either denied or the opportunity to make the claim was denied, but he did make a Schlepp claim as to getting past the procedural default, maybe not with respect to the substantive claim, but he tried to do it. And that is sufficient compliance with trying to take advantage of Nevada procedures with respect to the Schlepp gateway idea. That's the argument? Yes. Okay. But that's different than before when I said, does it even matter at that point in Nevada Supreme Court? So I think you would help us if you said, no, it doesn't really matter. You've got the federal defense here of actual innocence in a different context, so it doesn't really matter what happened in Nevada. But in agreeing with Judge Fletcher's proposition, that suggests it does matter. It's just that you think the boxes were checked. I think if I've conflated the two, Schlepp and 2254E2, I apologize. Easy to do. So with Schlepp being a procedural defense, I don't think it does matter. I think you get through the gateway. You can present that for the first time in federal court, that it does not matter if you did it or not in state court. In this case, though, he did present it in state court. Where did he present it? I mean, just tell me where he presented it in state court or how he presented it in state court. Through his motion requesting experts, through the subpoenas the court granted. But I think most where – I'm sorry. Motion requesting experts when he was bringing forth Grounds 1 and 3 or when he was bringing forth Grounds 9 and 10? He never brought Grounds 9 and – I know. I'm sorry. So, yes, when he was first in the state court, he was asking for the motion. But I think it's most apparent post-hearing, before the judge granted the motion to dismiss, when he filed, he submitted Dr. Janice Oppoven's affidavit and explained in her affidavit, although not as extensive as if she had testified, she goes through each of the state's major experts and says why their testimony was incorrect, why it was contrary to science. And so for 2254, the two purposes and diligence, he did present this information. And there's no authority that says that the evidence accepted during a schlup hearing can't also be considered on the merits of a claim. And so I think that's – if I've divided them enough. Thank you. I think that this court was right when it pushed Mr. Conner on what the state is doing here and not contesting it is – I mean, there's – in the circuit, if you don't contest something, you've conceded it. The idea that, well, we never get there is wrong. They were the appellants. They could, you know, appeal on anything that they wanted. And all we're doing here is delaying the inevitable. Mr. Hansen has been in prison for over 20 years, and he's been in prison for 13 months since the court granted the writ. That is enough time. This court should affirm on these grounds. Thank you. Thank you. Thank you, Your Honor. Just a couple quick points. First, the purpose of the affidavit that was presented in state court, the reason that counsel gave for presenting that affidavit, can be found in excerpts of record 2087 where he explained that he agreed with the state when the state objected to the notice of expert witnesses on the grounds that he had not complied with the Nevada Rules of Civil Procedure on expert witness disclosures and providing an expert report. He did not present a claim of actual innocence. If you look at the response to the motion to dismiss, which starts at page 1974 of the excerpts of record, there is a single paragraph in that document that addresses the fundamental miscarriage of justice. It says nothing about Dr. Alpovan. It says nothing about actual innocence. And then through the entire hearing on the motion to dismiss, which is found in excerpts of record 2078 through 2137, there is not a single mention from the petitioner's counsel about making a claim of actual innocence to overcome procedural defaults. He did not present a claim of actual innocence to the state district court. The state district court expressly found that, and that's at excerpts of record 2087. He did not develop his claim of actual innocence in the state district court. And Williams v. Taylor very clearly says, if you aren't diligent, you have to satisfy 2254E2. Okay. It doesn't matter if you have a Schlepp actual innocence claim. I'm not asking you to concede, but I want to, for the purposes of this question, I want you to concede that he did make the Schlepp argument in the state trial court, but with respect to a different substantive claim that he wanted to get to. Assuming that he did make the Schlepp gateway argument and was either prevented from making it or might have succeeded but it didn't get very far and the Nevada Supreme Court wrongly says it's a new claim, does it matter for purposes of your argument that he has to go back to Nevada to present his Schlepp argument that he exhausted the Schlepp argument, gateway argument, but with respect to a different substantive claim? You mean with a — when you say with respect to a different substantive claim, you mean — That is to say, the claim he's now making, claim 10, the one he succeeded on in the district court, it's conceded. He never made that substantive claim. But they're saying, but he did make the Schlepp gateway argument with respect to a different substantive claim. And he was either prevented from making it, but he exhausted the Schlepp question. Assuming that he exhausted on the Schlepp question, does it matter that he's now seeking to present a different substantive claim? I think it would matter in this case, Your Honor. I think if he'd made the exact presentation to the state courts that he did to the federal courts, it wouldn't matter. But what matters here is that — That it would not matter? It would not matter if he made the exact same presentation to the state courts that he did to the federal courts. But what we're dealing with here now in federal court is that they've gone way beyond just presenting Dr. Oppoven's affidavit. They brought in an entirely another — a new expert who wasn't presented in state court that is a central component to the actual innocence finding in this case. And by not calling — I understand that. But what I'm really asking is, you can exhaust as to the substantive claim. It's possible you could exhaust as to the Schlepp gateway question. And if he exhausted as to the Schlepp gateway question, but with respect to a different substantive question, do we need to send it to the Nevada Supreme Court again with respect to the Schlepp gateway question? I think if he had presented the actual innocence claim in state court and the state courts had rejected it and said, you don't get through the Schlepp gateway, that I think would be enough. But I don't — that didn't happen here. And I think there's an additional problem on top of that here because of the addition of Dr. Monson to the actual innocence claim that wasn't presented to the state courts. Thank you. Hansen v. Baker is submitted. I want to thank both of you for both the briefing and the argument. The next case for argument is Ramirez v. TransUnion.
judges: McKeown, W. Fletcher, Murguia